EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ MELÉNDEZ VIRELLA, acusado y apelante.

Núm. 10050.—*Sometido:* Junio 14, 1943. *Resuelto:* Junio 18, 1943.

*Alfonso Lastra Chárriez,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El Fiscal del Distrito de San Juan formuló dos acusaciones contra el apelante, imputándole en la primera la posesión y dominio de una pistola, sin haberla declarado por escrito al Jefe de la Policía de Río Piedras; y en la segunda, la portación ilegal de la misma arma.

Condenado a pagar una multa de $50 por no haber registrado la pistola y a un mes de cárcel por portarla ilegal-

mente, el acusado apeló de ambas sentencias, tramitándose ambos recursos conjuntamente.

Alega el apelante que las sentencias recurridas no están justificadas por la evidencia y son contrarias a derecho; y que el juez sentenciador actuó con prejuicio y abusó de su discreción al apreciar la prueba.

De acuerdo con la del fiscal, el acusado y Acisclo Serrano, ambos empleados del Manicomio Insular, tuvieron un disgusto personal y se fueron a las manos. El acusado sacó de su persona una pistola. Intervinieron otros empleados para separar a los que peleaban, y uno de dichos empleados, José Félix Freyre, desarmó al acusado, quitándole la pistola, la cual no estaba cargada pues le faltaba el peine. Otro testigo, Alejandro Abrahams, también empleado del Manicomio, declaró que encontrándose él supervisando uno de los pabellones, acudió al sitio del suceso al oír las voces que decían "vengan acá, vengan acá, que hay una pelea" y presenció cuando tres empleados sujetaban al acusado y le quitaban una pistola. El arma así ocupada fué entregada por el empleado Freyre al Sr. Romany, también empleado del manicomio, quien la entregó a la policía. La defensa hizo constar en el récord su admisión de que la pistola no estaba inscrita.

La prueba de la defensa, a la cual no dió crédito la corte sentenciadora, tendía a demostrar que la pistola en cuestión había sido encontrada entre la ropa sucia de los pacientes del Manicomio por el empleado Francisco Reyes; que éste entregó el arma al Supervisor Artemio Aponte, poniéndola sobre un armario. Declaró Aponte que no vió quién cogió la pistola en el momento de la pelea, pero que sabe que se la quitaron al acusado en la galería; que el acusado y Serrano pelearon primero sin la pistola, la cual apareció más tarde en la galería, que cuando ellos empezaron a pelear en la oficina no había arma alguna y pelearon a los pescozones y que entonces él, Aponte, los mandó a sacar de la oficina para la galería.

A nuestro juicio, la prueba de cargo es suficiente para justificar las dos sentencias recurridas. De dicha prueba, así como de la declaración del testigo Aponte, se desprende claramente que el acusado poseía y portaba el arma, no accidentalmente, como pretende la defensa, y sí como dueño. No se trata de un caso en que el acusado al verse agredido echa mano a un arma que encuentra a su alcance y se defiende con ella. El acusado en el presente caso comenzó a pelear con su adversario dentro de la oficina del Supervisor, usando ambos adversarios los puños como único medio de defensa. Se les echó a ambos de la oficina. Continuó la lucha en la galería, y fué allí y entonces que el acusado sacó y esgrimió la pistola que portaba sobre su persona, sin haberla inscrito.

No hubo error ni prejuicio en la apreciación de la prueba. *Ambas sentencias deben ser confirmadas.*